HAHN DEPARTMENT STORES PURCH. CORP. ET AL. v. UNITED STATES

**No. 4530.**—Invoices dated Schoenfeld, Czechoslovakia, May 19, 1934, etc.
Certified May 25, 1934, etc.
Entered at New York June 11, 1934; Baltimore, Md., June 15, 21, 1934; Seattle, Wash., July 31, 1934.
Entry Nos. 833666, 3784, 3819, 379.

(Decided February 27, 1939)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster* and *Samuel D. Spector*, special attorneys), for the defendant.

KEEFE, Judge: These reappraisements are brought by reason of advances in value by the appraiser upon certain decorated chinaware from Czechoslovakia. The merchandise consists of dinner sets of 95 pieces each, which were invoiced and entered at 6.90 United States dollars per set, less 5 per centum discount, plus packing and barrels. The appraiser found the foreign-market value to be 219.33 Czechoslovakian crowns per set, net, packed, resulting in an advance in value of 13 per centum.

At the trial the plaintiff offered in evidence an affidavit of Egon Spinner, owner of the firm of J. N. Spinner, the shipper of the merchandise. The affiant stated that he was personally familiar with all sales made for home consumption or for export, and that in respect to the sales in question:

Said invoices truly represent the market price in the usual wholesale quantities either for home consumption in Czechoslovakia or for export to the United States at the time of the exportation of the merchandise covered by said invoices.

The Government examiner of chinaware, Max Teuscher, testified as follows: That he received his information of the foreign value of the merchandise from reports of a special agent and a price list, that in Czechoslovakia there are no standard chinaware sets dealt with in the ordinary course of trade, and that the prices are quoted for each indi-

vidual item in the set and not per set and the price of the set is figured from the number of pieces appearing in the order. Upon the price list forwarded by the special agent he identified the elements of decoration and the quality of the chinaware that were similar to the quality and decoration upon the chinaware under examination and applied the price of the single pieces in the price list for a similar class of merchandise, thus arriving at the foreign-market value of the set. The prices found for the merchandise represent the lowest grade of chinaware manufactured in Czechoslovakia less allowances in the home market for that class of merchandise.

Two special agents' reports were admitted in evidence as Exhibits 3 and 4. Exhibit 3 is a general report upon the conditions of the Czechoslovakian chinaware market. The facts appearing therein are summarized as follows: There is an association of manufacturers of chinaware who formed a price control unit fixing and controlling the selling prices. This association control unit is called the Porcella G. m. b. H. and it controlled all the selling prices after March 1, 1934. Chinaware orders for home consumption were sent directly to the factories, who, in turn, send them to the price control unit, where the prices appearing thereon are checked with the inland selling prices appearing upon their price list. Upon delivery, copies of the commercial invoices were sent to the association by the various factories. To further insure a strict compliance with the terms set out in the price-list, the books of the factories in the association were also inspected and checked to determine whether or not any special or secret rebates were given to purchasers. In case of a violation severe fines are imposed upon the offending factory. The factories in the association produce five classes of tableware, to-wit, 0, 1, 2, 3, 4. Class 0 is the lowest grade and the finer grades are a certain percentage higher than . class 0. A discount of 4 per centum is allowed for payment in advance and 2 per centum within 30 days. Turnover discounts are also allowed for large quantities purchased during the year from 2 to 10 per centum.

Exhibit 4 relates specifically to an investigation of the shipments in question. The facts disclosed therein are substantially as follows: Mr. Spinner is engaged in the business of purchasing forms and decorating the same and is not a manufacturer of chinaware. The merchandise in question, form 332, had been in his possession four years when negotiations were made by the Hahn Department Stores and Jordan Marsh through their agent Roditti & Co. to purchase the entire stock of form 332. Decoration 3039 was chosen for the same and the price was fixed at $6.90 per set, plus packing cases, less 5 per centum cash discount. Form 332 with decoration 3039 was neither exhibited in the sample room nor freely offered to all purchasers for export to

the United States and the dinner sets in question consist of a form suited for the American trade and were not demanded, offered, or sold for home consumption. The shipper refused to disclose the name of the chinaware factory from whom the chinaware was purchased, although he stated that it was not purchased from any member of the Porcella G. m. b. H. The shipper further refused to submit his inland sales record. Consequently the special agent was unable to obtain any information regarding the selling price of similar merchandise.

From a consideration of the record before me I am convinced that the foreign value of the merchandise as determined by the appraiser constitutes the dutiable value of the merchandise.

Judgment will be entered accordingly.